IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PEDRO ROMO NAVARRO, | § § § § | |
| *Petitioner*, | | |
| v. | § § § | CIVIL ACTION NO. SA-25-cv-01468-FB |
| PAMELA BONDI, in her Official Capacity as Attorney General of the United States; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her Official Capacity as Secretary of the Department of Homeland Security; SYLVESTER M. ORTEGA, Field Office Director for Detention and Removal, Immigration and Customs Enforcement, Department of Homeland Security; and RENALDO CASTRO, Warden, South Texas Detention Complex, | § § § § § § § § § § § § § § § | |
| *Respondents*. | § | |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Pedro Romo Navarro's ("Petitioner") Petition for Writ of Habeas Corpus (docket no. 1) and the Respondents' response (docket no. 11), along with Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 3) and Petitioner's reply (docket no. 12) to Respondents' response to his petition for writ of habeas corpus. After careful consideration, the Court is of the opinion that the petition should be granted and the motion for injunctive relief should be dismissed as moot. *See Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *5 (S.D. Tex. Oct. 8, 2025) (dismissing as moot motion for temporary restraining order and preliminary injunction in light of order granting petition for writ of habeas corpus).

**BACKGROUND**

Petitioner Pedro Romo Navarro is a native and citizen of Mexico who entered the United States without inspection at age seventeen. (Docket no. 1 at page 2). Twenty eight years later, he was convicted of disorderly conduct and transferred into the custody of Immigration and Customs Enforcement ("ICE") custody, where he was placed in removal proceedings for being present in the United States without authorization. (*Id.* at page 7). With the assistance of pro bono counsel, Petitioner requested a bond hearing before an immigration judge to review his custody status. (*Id.*). The immigration judge summarily denied Petition's request, citing lack of jurisdiction pursuant to the decision of the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Docket no. 1-10 at pages 3-4). Petitioner has been detained since his transfer and is currently detained at the South Texas ICE Processing Center in Pearsall, Texas. (Docket no. 1 at page 7). He asserts that his continuing detention violates the Immigration and Nationality Act ("INA") and his constitutional due process rights, and requests that the Court issue a writ of habeas corpus requiring that Respondents release him or, in the alternative, provide him with a bond hearing. (Docket no. 1 at page 23).

**LEGAL STANDARD**

A habeas petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir.

1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

The parties dispute both whether the Court has jurisdiction to order the relief Petitioner has requested and whether Petitioner is entitled to that relief. The Court considers its jurisdiction over this case before turning to the merits. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first.").

**I. This Court has Jurisdiction**

As a general matter, the Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. §§ 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). As in *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *1 (W.D. Tex. Nov. 26, 2025), "Respondents contend provisions of the INA—specifically 8 U.S.C. §§ 1252(g) and (b)(9), § 1225(b)(4), and § 1226(e)—strip the Court of jurisdiction." For the reasons set forth in *Granados* and other recent authorities, the Court disagrees.

**A. Section 1252(g) Does Not Preclude Jurisdiction**

Respondents assert that the Court lacks jurisdiction under § 1252(g), which provides:

> [N]o court shall have jurisdiction t hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence* proceedings, *adjudicate* cases, or *execute* removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added). Thus, Section 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases,

or *execute* removal orders.'" *Granados*, 2025 WL 3296314, at *2 (citing *Reno v. American Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Id.* (citing *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)). In this habeas proceeding, Petitioner is not challenging removal proceedings. He seeks release because Respondents allegedly have unlawfully detained him. (Docket no. 1). "Such claims are not barred by § 1252(g)." *Granados*, 2025 WL 3296314, at *2 (quoting *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025)).

**B. Section 1252(b)(9) Does Not Preclude Jurisdiction**

Respondents next argue that 8 U.S.C. § 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) reads:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . ., or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). "This provision 'does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined.'" *Granados*, 2025 WL 3296314, at *2 (quoting *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up)). "It does not 'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or]

preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available.'" *Id.* (citing *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *see also Granados*, 2025 WL 3296314, at *2 (citing *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025)).

Respondents' argument that Section 1252(b)(9) bars this Court's jurisdiction over the petition is without merit for at least two reasons. First, Petitioner's claim–that Respondents lack legal authority to subject him to mandatory detention under Section 1225 instead of detention with a bond hearing or release under Section 1226(a)–"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Granados*, 2025 WL 3296314, at *2 (quoting *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025)); *see also Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal."). Because Petitioner challenges only his ongoing detention during the pendency of his removal proceedings, Section "1252(b)(9) does not present a jurisdictional bar." *Granados*, 2025 WL 3296314, at *2 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)).

Second, Petitioner cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). "The core of this dispute is whether Petitioner can be detained with no bond hearing–that is, with no administrative opportunity to contest his detention–pending a removal determination." *Granados*, 2025 WL 3296314,

at *3. "If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be 'effectively unreviewable,' *Jennings*, 583 U.S. at 293, especially considering the BIA's novel position that immigration judges lack authority to even entertain bond requests, *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025)." *Id.* "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Id.* (quoting *Jennings*, 583 U.S. at 293).

**C. Section 1225(b)(4) Does Not Preclude Jurisdiction**

Respondents assert that, under Section 1225(b)(4), judicial review of Petitioner's removability is "available only through the court of appeals following a final administrative order of removal." (Docket no. 11 at page 11). "But even under Respondents' . . . theory that the Petitioner is challenging the adjudication of his removal proceedings (rather than his detention), Petitioner's challenge to a presumably unsuccessful application for admission would not arise under Section 1225(b)(4), which governs challenges brought by an immigration officer to favorable admissibility decisions made by another officer. Section 1225 reads:

> The decision of the examining immigration officer, if *favorable to the admission of any alien*, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4)) (emphasis added). As the Court explained in *Granados:*

> Section 1225(b)(4) is plainly inapplicable to Petitioner, who has not received any favorable determination of his admissibility. Moreover, Section 1221(b)(4) applies to challenges to favorable admissions decisions brought by other immigration officers. It has nothing to do with the scope of DHS's detention authority or the federal courts' jurisdiction over challenges to detention. Indeed, as another court in this District recently observed, § 1225(b)(4) does "not speak to the distinction between detention and

deportability that this Court has explained is essential to the jurisdictional analysis." *See Erazo Rojas*, 2025 WL 3038262, at *2. Accordingly, Respondents' reference to 8 U.S.C. § 1225(b)(4) is simply misplaced.

*Granados*, 2025 WL 3296314, at *3.

**D. Section 1226(e) Does Not Preclude Jurisdiction**

Respondents also challenge the Court's jurisdiction under 8 U.S.C. § 1226(e). Unlike the Section 1252 subsections, this provision relates to claims brought by people challenging their immigration detention:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As at least two other Courts in this District have discussed, "this section shields only the Attorney General's discretionary detention decisions." *Granados*, 2025 WL 3296314, at *3 (citing *Lopez-Arevelo v. Ripa,* No. EP-25-CV-337-KC, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025)). "It does not preclude, for example, 'challenges to the statutory framework that permits the alien's detention without bail.'" *Id.* (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see also Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (explaining that federal courts "retain jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition") (citing *Kim*, 538 U.S. at 516–17)).

"Given Petitioner's due process challenges, '[t]his is unlike a case in which a bond hearing was held, an individualized assessment was made regarding the appropriateness of detaining a noncitizen, and, in the IJ's discretion, they were denied bail.'" *Granados*, 2025 WL 3296314, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *5). "In such circumstances, the Court would likely lack

jurisdiction to consider a collateral attack on that denial." *Id*. (citing Lopez-Arevelo, 2025 WL 2691828, at *5); *see also Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019) ("Ultimately, Diaz Ortiz disagrees with the immigration judge's weighing of the evidence and exercise of discretion with respect to dangerousness. The Court does not have jurisdiction to hear such a challenge.")). But this is not that. And in any event, "even setting aside Petitioner's constitutional claims, Section 1226(e)'s jurisdictional bar is inapplicable for a much simpler reason: by taking the position that Petitioner's detention is mandatory under Section 1225(b)(2), the Attorney General has waived any argument that Petitioner's detention was an exercise of her discretion protected from judicial review under Section 1226(e)." *Granados*, 2025 WL 3296314, at *4.

**II. Petitioner's Detention is an Unlawful Application of 8 U.S.C. § 1225(b)(2)**

Moving to the merits, Petitioner claims that Respondents lack statutory authority under the INA to detain him without a bond hearing and are depriving him of due process by doing so. (Docket no. 1, generally). Because the Court agrees with Petitioner's statutory arguments, it need not reach his constitutional claims.

**A. Legal Framework for Immigration Detention Proceedings**

The INA provides three forms of detention for noncitizens in removal proceedings. First, the INA prescribes mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and other recent arrivals seeking admission under 8 U.S.C. § 1225(b)(2). As the Supreme Court has explained, Section 1225 "applies primarily to [noncitizens] seeking entry into the United States." *Jenning*, 583 U.S. at 297. Noncitizens detained under this provision may be released only through DHS's exercise of its parole authority under 8 U.S.C. § 1182(d)(5)(A). *Id*. at 300.

Second, the INA authorizes the discretionary detention of noncitizens in standard, non-expedited (*i.e.*, "full") removal proceedings before an immigration judge under 8 U.S.C. § 1226. *See* 8 U.S.C. § 1229a; *see also* 8 U.S.C. § 1226(a) ("[A]n alien *may* be arrested and detained . . . .") (emphasis added). Noncitizens in detention under Section 1226(a) are entitled to a bond hearing at the outset of their detention. 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Last, the INA also provides for mandatory detention of noncitizens who have been arrested, charged with, or convicted of certain crimes, 8 U.S.C. § 1226(c), and noncitizens who have been previously ordered removed, 8 C.F.R. §§ 1003.19(a), 1236.1(d). These provisions are not at issue in this case.

By way of background, the Court in *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314, at *4-5 (W.D. Tex. Nov. 26, 2025), explained:

> For nearly three decades, Respondents consistently considered noncitizens present in the United States without having been admitted or paroled as detained under 8 U.S.C. § 1226(a), thus entitling them to bond hearings. See, e.g., Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (stating that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination"). Consistent with this longstanding understanding, the Supreme Court recently confirmed that "§ 1226 applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id*. at 297, 303. [fn. 3: Even if this language in Jennings is dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)).]
>
> Earlier this year, Respondents adopted a novel theory that noncitizens who are present in the United States without admission or parole are ineligible for bond hearings. In July 2025, Todd Lyons, Acting Director of ICE, issued an internal memorandum (the "Lyons Memorandum") explaining that the agency had "revisited its legal position" and

"determined that [Section 1225] of the Immigration and Nationality Act (INA), rather than [Section 1226], is the applicable immigration detention authority for all applicants for admission." Ultimately, the Board of Immigration Appeals ("BIA") adopted this position in a precedential decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), holding that all noncitizens who entered the country without inspection—no matter how long they have been present in the country—are subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2).

2025 WL 3296314, at *4-5.

**B. Petitioner Cannot be Detained Under Section 1225(b)(2)**

Petitioner argues that Section 1225(b)(2) does not permit his detention and that he may only be detained under Section 1226(a). Respondents maintain, on the other hand, that Petitioner falls under Section 1225(b)(2) because he is an "applicant for admission," which includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1).

The issue is whether Section 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. *Granados*, 2025 WL 3296314, at *5. If so, Section 1225(b)(2) makes Petitioner's detention mandatory. *Id.* If not, Section 1226(a) applies, meaning that Petitioner's detention is discretionary and he is entitled to a bond hearing if he remains detained. *Id.*

This is not a matter of first impression. In recent months, courts across the country have considered whether noncitizens, such as Petitioner in this case, who have resided in the United States for many years are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) as an "applicant for admission" or whether Section 1226(a) applies despite the decision rendered in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). This Court finds persuasive the overwhelming majority of decisions in district courts, including several in the Western District of Texas, which have discussed and analyzed the same arguments being presented here and rejected Respondents' broad interpretation

of Section 1225(b)(2). *Granados*, 2025 WL 3296314, at *5 (collecting cases); *Rojas Vargas v. Bondi*, No. 1:25-cv-01699-DAE, 2025 WL 3251728 at *3 (W.D. Tex. Nov. 5, 2025) (quoting *Lopez-Arevelo v. Ripa*, 3:25-CV-337-KC, 2025 WL2691828, at *7 (W.D. Tex. Sep. 22, 2025)); *Pizzaro Reyes v. Raycraft*, 25-CV 12546, 2025 WL 2609425 (E.D. Mich. Sep. 9, 2025); *Belsai D.S. v. Bondi*, No. 25-CV-3682, 2025 WL2802947 (D. Minn. Oct. 1, 2025) (calling decisions a "chorus" of courts rejecting respondents' interpretation of § 1225(b)(2)); *Roman v. Noem*, 2:25-CV-01684-RFB-EJY, 2025 WL2710211 (D. Nev. Sep. 23, 2025); *see also Hernandez-Fernandez v. Lyons*, Case No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex, Oct. 21, 2025); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL,2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Roa, et al. v. Albarran,* No. 25-CV-07802-RS, 2025 WL2732923 (N.D. Cal. Sept. 25, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL2716910 (E.D. Cal. Sept. 23, 2025); *Singh v. Lewis*, No. 4:25-CV-96-RGJ, 2025 WL2699219 (W.D. Ky. Sept. 22, 2025); *Chafla, et al., v. Scott*, No. 2:25-CV-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 21, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, (W.D. Ky. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Carlon v. Kramer,* No. 4:25CV3178, 2025 WL2624386 (D. Neb. Sept. 11, 2025); *Lopez Santos v. Noem*, No. 3:25-CV-01193, 2025 WL 2642278, at *5 (W.D. La. Sept. 11, 2025); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL2617256 (E.D. Cal. Sept. 9, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug 29, 2025 ) (collecting twelve decisions); *see also Acea-Martinez v. Noem,* No. 5:25-cv-1390-XR (W.D. Tex. [docket no. 9] Nov. 18, 2025); *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases).

As noted in *Granados*, "[t]hese opinions rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. 2025 WL 3296314, at *5 (citing *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *5-6 (W.D. Tex. Nov. 14, 2025) (noting that Respondents' interpretation would render a recent amendment to the INA, the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "effectively meaningless" and that BIA's interpretation in *Matter of Hurtado* was not entitled to any deference under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and was unpersuasive given its "inconsistency with prior pronouncements"); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). Having found these opinions generally persuasive, the Court will not restate every rationale therein. *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement.").

However, the Court finds particularly instructive the following analysis of Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes:

> To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). In other words, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.*; *see, e.g., Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).
>
> The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not

"lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id*. §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Petitioner's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A). When ICE detained him, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), as amended (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful entry of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289.

Thus, Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country." Respondents may not detain Petitioner pursuant to Section 1225(b)(2). Because the Court concludes Section 1225(b)(2) is inapplicable, Petitioner's present detention necessarily falls under 8 U.S.C. § 1226, which entitles him to a bond hearing. *See, e.g., Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) ("[T]he Court concludes that § 1225(b)(2) is not applicable to Mr. D.S., he is subject to the discretionary detention regime under § 1226(a), and his continued detention with a bond hearing is contrary to the laws of the United States. If Respondents seek to continue detaining Mr. D.S., they must provide him with a bond hearing.").

*Granados*, 2025 WL 3296314, at *6.  Finally, Petitioner notes that, on November 25, 2025, a United States District Court in the Central District of California granted a nationwide class certification and partial summary judgment in *Maldonado Bautista v. Santacruz*, 5:25-cv-01873-SSS-BFM, rejecting the BIA's decision in *Matter of Yajure Hurtado*.  (Docket no. 12 & Exhibits A & B).

### III. Appropriate Relief

In light of the discussion above, it is clear that Petitioner's petition for habeas corpus should be granted. The only remaining question is how the Court should fashion relief. Petitioner requests that the Court order either his immediate release, or alternatively that he be afforded a bond redetermination hearing before an immigration judge. (Docket no. 1 at 3). However, in response to the petition, Respondents argue that the appropriate relief, if the petition were to be granted, is to order Petitioner's immediate release, rather than order an immigration judge to hold a hearing. (Docket no. 11 at page 2) (acknowledging that "the only remedy available through habeas is release from custody").

Moreover, because Petitioner cannot be detained under Section 1225(b)(2), the remaining option is Section 1226. And, "[a]s Respondents do not claim that Petitioner is being detained under Section 1226, the Court sees no reason to consider Section 1226 as a basis for Petitioner's current detention." *Granados*, 2025 WL 3296314, at *7 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025)).

Finally, if the Court ordered a bond hearing, it would require the immigration judge to do that which, in light of BIA precedent, the judge would not believe she had jurisdiction to do. (Docket no. 1-10 at page 2); *see also Matter of Yajure Hurtado*, 29 I&N Dec. at 229 ("The Immigration Judge lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under . . . § 1225(b)(2)(A)."). Given the positions stated by the parties in their briefing, the Court will order Petitioner's release upon granting the writ.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (docket no. 1) is GRANTED such that Respondents are ORDERED to release Petitioner from their custody.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 3), and any remaining motions pending with the Court, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 2nd day of December, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE